IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN McCRAY, Sr.,

    Defendant.                                             Case No. 05-cr-30027-DRH

### MEMORANDUM & ORDER

**HERNDON, District Judge:**

    Before the Court is defendant John McCray, Sr.'s Motion for Pretrial Determination of the Admissibility of Coconspirator Statements (Doc. 162), to which the Government files its opposing Response (Doc. 181). In his Motion, McCray seeks an order requiring the Government provide a pretrial proffer, either by written submission or pretrial evidentiary hearing, regarding evidence it intends to use at trial as "statements of coconspirators in furtherance of the conspiracy" (Doc. 162, p. 1). Such statements generally fall under the hearsay exception found in Rule 801(d)(2)(E) of the Federal Rules of Evidence. Further, Federal Rule of Evidence 104(a) requires the Court determine a preliminary question the admissibility of such coconspirator statements (*Id*. at 2, citing ***United States v. Santiago*, 582 F.2d**

**1128, 1131 (7th Cir. 1978)**)). Thus, McCray ultimately seeks this determination of admissibility.

As outlined in the Government's Response, in order for co-conspirator statements to be admissible, the Government has the burden of proving by a preponderance of the evidence that "a conspiracy existed, that both the defendant and the declarant were members of the conspiracy, and that the declarant made the statement in furtherance of the conspiracy." **United States v. Andrus, 775 F.2d 825, 836 (7th Cir. 1985)(citing Santigo, 582 F.2d at 1134)**. In lieu of requiring a preliminary written proffer or conducting a pretrial evidentiary hearing, the Court also has the option of "*rul[ing] on each statement as it is elicited based on the evidence the Government has adduced to that point; the [C]ourt can, even in the absence of a pretrial proffer, conditionally admit the body of coconspirator's statements subject to the Government's eventual proof of the foundational elements (the penalty for not so providing being a possible mistrial).*" **United States v. McClellan, 165 F.3d 535, 553-54 (7th Cir. 1999)(citing Andrus, 775 F.2d at 836-37)(emphasis in original)**.

In part because the Court has been informed that McCray has already been provided with notice of coconspirator statement evidence in the "form of transcripts of all such statements and audio recordings" by the Government and because the Court deems a pretrial determination of admissibility to be premature, McCray's Motion (Doc. 160) is **DENIED**, as the Court elects to determine

admissibility of such statements during trial.

**IT IS SO ORDERED.**

Signed this 25th day of October, 2006.

/s/         David    RHerndon
**United States District Judge**
