**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**


**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**

**JOHN McCRAY, Sr.,**

      **Defendant.**                     **Case No. 05-cr-30027-DRH**


**<u>MEMORANDUM & ORDER</u>**


**HERNDON, District Judge:**


      Before the Court is defendant John McCray, Sr.'s Motion for Disclosure of Presentence Investigation Reports Regarding Defendants (Doc. 156), to which the Government has filed an opposing Response (Doc. 178). In his Motion, McCray requests the Court order the disclosure of the Presentence Investigation Reports ("PSRs") of certain cooperating co-defendants in this matter. McCray believes these PSRs could contain exculpatory information and therefore attempts to invoke his right to disclosure pursuant to ***Brady v. Maryland*, 373 U.S. 83 (1963)**, and also material which may impeach witnesses and believes his right to disclosure here stems from ***Giglio v. United States*, 405 U.S. 150 (1972)**. In the alternative, McCray asks for the Court to conduct an in camera inspection of the PSRs in order

to determine whether they contain any exculpatory or impeaching material.

McCray's reason supporting his request for disclosure is that "[b]ecause in the PSRs at issue the [G]overnment recommended and encouraged certain sentences, it is relevant the degree to which the [G]overnment disclosed matters in aggravation and the degree to which the [PSRs] reflected facts, that in the absence of the [G]overnment's recommendation, would have justified more severe sentences than that recommended" (Doc. 156, pp. 1-2). The Government contests such a disclosure of the PSRs of co-defendants to any third-party, particularly McCray, at this juncture.

While Rule 32(e) of the Federal Rules of Criminal Procedure allow a defendant the right to examine his or her *own* PSR before sentencing, it is silent as to third-party rights and co-conspirators. In ***Brady***, the United States Supreme Court held "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." ***Brady*, 373 U.S. at 87**. This includes evidence which may impeach a witness. ***See Giglio*, 405 U.S. at 153-155**.

However, "'a ***Brady*** request does not entitle a criminal defendant to embark upon an unwarranted fishing expedition through government files, nor does it mandate that a trial judge conduct an in camera inspection of the government's files in every case.'" ***United States v. Mitchell*, 178 F.3d 904, 908-909 (7th Cir.**

1999)(quoting *United States v. Phillips*, 854 F.2d 273, 278 (7th Cir. 1988)).

Maintaining the confidentiality of PSRs is a necessity of the judicial process, for many

reasons, such as for protecting the confidential information about the defendant,

which is usually stated in order to provide the sentencing Judge the proper context

to determine a fitting sentence.  PSR confidentiality is also crucial in order to protect

information essential to ongoing criminal investigations.  *See United States v.*

*McGee*, 408 F.3d 966, 973 (7th Cir. 2005).  Yet, the Seventh Circuit warns of the

danger of turning *Brady* into a "discovery devise" when the third-party seeking

disclosure does so based upon speculation only, which, in turn, places an

unnecessary burden upon the district court.

Therefore, the proper means for McCray to obtain information is to

request the Court to conduct an in camera review of the PSRs at issue to determine

whether they contain any exculpatory or impeaching information.  *See, e.g., McGee*,

408 F.3d at 974; *Mitchell*, 178 F.3d at 909;. *United States v. Anderson*, 724

F.2d 596, 598 (7th Cir. 1984).  McCray has asked for an in camera review as an

alternative request for relief.  Therefore, McCray's Motion for Disclosure (Doc. 156)

is **DENIED**, as the Court determines McCray has no right to a blanket disclosure of

his co-defendants' PSRs.  However, the Court will entertain McCray's alternate

request for relief and conduct an in camera inspection of the PSRs of his co-

defendants in order to determine whether they contain exculpatory or impeachment

information.  If such information exists within the PSRs, it will be disclosed to

McCray, but McCray must re-raise his request for an in camera inspection *during trial*. His request in the instant Motion will not suffice.

**IT IS SO ORDERED.**

Signed this 25th day of October, 2006.

<u>/s/        David  RHerndon</u>
**United States District Judge**