IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**JOHN McCRAY, Sr.,**

    **Defendant.**　　　　　　　　　　　　　　　　　Case No. 05-cr-30027-DRH

**MEMORANDUM & ORDER**

**HERNDON, District Judge:**

    Before the Court is defendant John McCray, Sr.'s Motion for Pretrial Disclosure of Government's Intention to Rely on "Similar Act" Evidence (Doc. 157), to which the Government files its opposing Response (Doc. 180). McCray, although acknowledging that Rule 404(b) of the Federal Rules of Evidence does not require advance notice be given by the prosecution when it intends to use evidence of other crimes or similar acts of a defendant, nevertheless feels compelled to request disclosure of such evidence, as well as the identity of the prosecution witnesses providing testimony in this regard. McCray seeks this advance notice so that he may prepare a defense against an offense not described in the current Indictment. The Government has stated in its Response that it has already disclosed to McCray its intention to introduce Rule 404(b) evidence, which thereby "affords him ample notice

and opportunity to challenge any similar act evidence and thoroughly prepare for trial . . ." (Doc. 180, p. 2, referring to Doc. 176).  Further, the Government notes a defendant has no constitutional right to the pretrial disclosure of prosecution witnesses (Doc. 180, p. 1, citing **United States v. Edwards, 47 F.3d 841, 843 (7th Cir. 1995); Weatherford v. Bursey, 429 U.S. 545, 559 (1977)**.

The Government, via its Rule 404(b) disclosures, has already given McCray notice of its intent to introduce evidence which may be considered "similar act" evidence.  Therefore, The evidence of other crimes or similar acts intended for use during trial has already been disclosed by the Government via its Rule 404(b) disclosures.  Therefore, McCray's request in this regard is moot.  As for McCray's request for disclosure of the witnesses the Government intends to use to introduce such evidence of similar acts or other crimes, the Court finds there is no right to this type of pretrial disclosure.  Instead, it is left to the Court's discretion to deem whether such disclosure of a witness list should be ordered.  **See United States v. Napue, 834 F.2d 1311, 1318 (7th Cir. 1987)(noting that disclosure may put the safety of the witness at risk)**.  Thus, as McCray does not provide reason to warrant a disclosure, the Court, in its discretion, sees no compelling reason to order such disclosure.

In sum, the Court **DENIES** McCray's Motion (Doc. 157), as his request for disclosure of "similar acts" evidence has been provided by the Government via its Rule 404(b) disclosures and is thereby moot and further that his request for a

pretrial disclosure of prosecution witnesses is not warranted.

**IT IS SO ORDERED.**

Signed this 25th day of October, 2006.

<u>/s/         David   RHerndon</u>
**United States District Judge**