IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN McCRAY, Sr.,

    Defendant.                            Case No. 05-cr-30027-DRH

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

    Before the Court is defendant John McCray, Sr.'s Motion to Compel Disclosure of Existence and Substantial Promises of Immunity, Leniency or Preferential Treatment (Doc. 159), to which the Government files its opposing Response (Doc. 179). In this Motion, McCray seeks an order requiring the Government to disclose to his attorney the existence and substance of any promises, agreements, understanding or arrangements between the Government and any prosecution witness, informant or cooperating Defendant, regarding several factors outlined in McCray's Motion.

    In turn, the Government notes McCray's right to such disclosure for possible witness impeachment information, as stated in ***United States v. Giglio*, 405 U.S. 150, 155 (1972)**. However, the Government specifically objects to McCray's demand for immediate disclosure, asserting that there is no time line specified by precedential law supporting such a request. In fact, even McCray

appears to acknowledge the absence of a time requirement in **Giglio**.

The Seventh Circuit has addressed the issue, holding that although disclosure of this information is required, it "need not precede trial" as there is no right to pretrial discovery. **United States v. Higgins, 75 F.3d 332, 335 (7h Cir. 1996**. Further, **Brady** "is a disclosure rule, not a discovery rule." **Id.** The Government has indicated it will provide the requested information to McCray prior to trial, but does not feel that it should be required to disclose the information upon McCray's request (which was made with this Motion months prior to trial), nor does it appear binding precedent supports McCray's request. The Court agrees and therefore **DENIES** McCray's Motion (Doc. 159) for immediate disclosure. If such disclosure is not made by the time as indicated by the Government in its Response, McCray may again raise the issue with the Court.

**IT IS SO ORDERED.**

Signed this 25th day of October, 2006.

/s/     David RHerndon
**United States District Judge**