IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JOHN MCCRAY, SR.,

Defendant.                                                              No. 05-CR-30027-DRH

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

On March 6, 2007, the Court sentenced defendant to statutory mandatory minimum term of 240 months imprisonment on Count 1 (Doc. 243) and the Clerk of the Court entered Judgment reflecting the same on March 9, 2007 (Doc. 247). On November 28, 2011, defendant filed a motion for reduction of sentence pursuant to U.S.S.G. Amendment 750 (Doc. 323). The Court appointed counsel to represent defendant on the issue of a sentencing reduction in light of the amendments to the United States Sentencing Guidelines, and counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 366). *See Anders v. California*, 386 U.S. 738, 744 (1967). Thereafter, the Court allowed defendant an opportunity to respond to the motion to withdraw (Doc. 368); as of this date he has not done so.

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term

of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Defendant *is* not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendment 750 and the Fair Sentencing Act of 2010 pertain only to offenses regarding crack cocaine. The amendment did not, however, reduce the sentencing range of defendants whose minimum guideline sentence was determined under U.S.S.G. § 5G1.1(c)(2) based on a statutory minimum rather than under U.S.S.G. § 2D1.1 based on relevant conduct amounts. *See Forman*,

553 F.3d at 588 ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum.").

McCray's sentencing guideline range was based on a 240 month *statutory* minimum. Because his sentence was based on a statutory minimum sentence in accordance with U.S.S.G. § 5G1.1(c)(2), not his base offense level set forth in U.S.S.G. § 2D1.1, the amendments did not lower his guideline range, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. The Court lacks subject matter jurisdiction to consider his reduction request. See *Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38.

Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 366) and **DISMISSES for lack of jurisdiction** defendant's motion for a sentence reduction (Doc. 323).

**IT IS SO ORDERED.**

Signed this 21st day of January, 2015.

Digitally signed by David R. Herndon
Date: 2015.01.21 15:56:35 -06'00'

**Chief Judge
United States District Court**